<u>**NOT FOR PUBLICATION**</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **STANLEY MCMILLAN,**<br><br>                 Plaintiff,<br><br>   v.<br><br>**THE STATE OF NEW JERSEY** *et al.***,**<br><br>                 Defendants. | Civil Action No. 18-12372 (ZNQ) (TJB)<br><br>**OPINION** |

<u>**QURAISHI, District Judge**</u>

**THIS MATTER** comes before the Court upon a Motion to Dismiss jointly filed by Defendants State of New Jersey ("State of New Jersey") and Victims of Crime Compensation Board of New Jersey ("VCC") ( collectively "Defendants") (ECF No. 23.) Defendants filed a Brief in Support of their Motion to Dismiss, ("Moving Br.," ECF No. 23-2) which Plaintiff Stanley McMillan ("Plaintiff") opposed. ("Opp'n," ECF No. 24.) No reply was filed. The Court has considered the parties' submissions and decides the Motion without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. For the reasons set forth below, the Court will GRANT the Motion to Dismiss.

I.     **BACKGROUND AND PROCEDURAL HISTORY**

In the context of the pending motions to dismiss, the Court accepts the factual allegations in the Complaint as true and draws all inferences in the light most favorable to Plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008).

On June 20, 2018[1], Plaintiff, a *pro se* party, filed an action against several entities including the State of New Jersey, Middlesex County New Brunswick NJ, and the VCC. (Compl., ECF No. 2.) In his Complaint, Plaintiff appears to assert claims under 42 U.S.C. § 1983 (Section 1983) for a violation of his constitutional rights under the Fourth Amendment and claims under the Racketeer Influenced and Corrupt Organizations Act (RICO) based on events that occurred between the months of May through August of 1990. (*Id.* at 6, 9.) Plaintiff's Complaint alleges that sometime between the stated time period, he was assaulted by a Middlesex County employee. (*Id.* at 9.) The employee allegedly tricked Plaintiff into taking a sedative concealed in a beverage which Plaintiff consumed. (*Id.* at 10.) Plaintiff alleges the consumption of the sedative amounted to chemical assault. (*Id.*) After consuming the sedative, Plaintiff alleges he was transported to an "unreported medical facility." (*Id.*) Moreover, Plaintiff alleges that during the time he was under the influence of the sedative, he underwent a medical operation where an abandoned tracking device was implanted upon his person. (*Id.* at 7, 10.) Throughout his Complaint, Plaintiff insists that Defendants were aware of the events that took place. (*Id.*)

Additionally, Plaintiff alleges a host of claims arising from Defendants' alleged conduct. (*Id.* at 10–11.) First, Plaintiff asserts there were several Federal Communications Commission (FCC) violations because the tracking device was illegally implanted in him. (*Id.* at 11.) Second, Plaintiff alleges claims for embezzlement, extraction of information, interception of information, hacking, and a purported violation of some international law against tracking information. (*Id.*) Third, Plaintiff asserts claims for espionage, treason, entrapment, dissemination of insider

---

[1] Plaintiff filed his original complaint in or around June 14, 2018, in the United States District Court for the Eastern District of Pennsylvania. On June 2, 2018, Plaintiff's Complaint appeared on the Court's docket. (ECF No. 2.) On July 31, 2018, the United States District Court for the Eastern District Pennsylvania filed an order formally transferring Plaintiff's Complaint. (ECF No. 4.)

information, and "failed attempts of illegal electronic detainment and socioeconomic . . . and financial hardships." (*Id.*) Fourth, Plaintiff asserts claims for conspiracy arising from the underlying events. (*Id.*) As a result of his alleged injuries, Plaintiff seeks $200 trillion in damages from the State of New Jersey, $160 billion from Middlesex County in New Brunswick, New Jersey, and $25 million from the VCC. (*Id.* at 7.) On January 31, 2021, Defendants filed their Motion to Dismiss which the Court now considers. (ECF No. 23.)

## II.     PARTIES' ARGUMENTS

### A. Defendants' Position

Defendants first contend that Plaintiff's Complaint must be dismissed because they are immune from suit in federal court under the Eleventh Amendment. (Moving Br. at 4.) Specifically, Defendant VCC argues it is "unquestionably a [s]tate entity" or an "arm of the State" that is immune from suit. (*Id.*) Moreover, Defendants collectively argue they have not consented to being sued in federal court. (*Id.*) Thus, Defendants contend that they have not waived immunity from suit to which they are entitled under the Eleventh Amendment. (*Id.*) Second, in light of Plaintiff's claims stemming from events that occurred in 1990, Defendants assert Plaintiff's RICO claim is barred by the four-year statute of limitations articulated by the Third Circuit. (*Id.* at 5–6.) Defendants also argue that Plaintiff's purported claims under Section 1983 ae barred by that statute's two-year statute of limitations. (*Id.* at 6.) Last, Defendants argue Plaintiff does not assert any facts to suggest that his claims should or were tolled. (*Id.* at 7.)

### B. Plaintiff's Position

In opposition, Plaintiff purports to cite local civil rule 83 for the proposition that this Court may amend the rules to accommodate this action. (Opp'n at 1.) Plaintiff argues that his suit is not barred by the statute of limitations because there was a file generated with the VCC back in April

3

of 2001 about the events alleged in his Complaint. (*Id.*) Plaintiff contends in this file he requested Defendant VCC investigate his claims. (*Id.* at 2.) Moreover, Plaintiff contends that the State Appellate Division was on notice of his civil rights claims but it showed "gross negligence" in seemingly taking no action. (*Id.*) Plaintiff also contends Defendant State of New Jersey was grossly negligent in prohibiting him from housing and employment opportunities despite his qualifications. (*Id.*) Last, Plaintiff suggests that in cases similar to his own where Defendants have been grossly negligent, the statute of limitations bar should not apply. (*Id.*)

## III.   LEGAL STANDARD

A district court conducts a three-part analysis when considering a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). *See Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). "First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'" *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009)). Second, the court must review "the complaint to strike conclusory allegations." *Id.* The court must accept as true all of the plaintiff's well-pleaded factual allegations and "construe the complaint in the light most favorable to the plaintiff . . . ." *Fowler v. UMPC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). In doing so, however, the court is free to ignore legal conclusions or factually unsupported accusations that merely state "the defendant unlawfully harmed me." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). Finally, the court must determine whether "the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Fowler*, 578 F.3d at 211 (quoting *Iqbal*, 556 U.S. at 679). A facially plausible claim "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 210 (quoting *Iqbal*, 556 U.S. at 678) (citation omitted).

It is well established that a "[*pro se*] complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Montgomery v. Pinchak*, 294 F.3d 492, 500 (3d Cir. 2002); *see also Haines v. Kerner*, 404 U.S. 519, 520 (1972) (demonstrating point that a *pro se* plaintiff's pleading must be liberally construed and is held to a lesser standard than that which is applied to pleadings drafted by attorneys). However, "[e]ven a *pro se* complaint may be dismissed for failure to state a claim if the allegations set forth by the plaintiff cannot be construed as supplying facts to support a claim entitling the plaintiff to relief." *Grohs v. Yatauro*, 984 F. Supp. 2d 273, 282 (D.N.J. 2013). "In resolving a Rule 12(b)(6) motion, the court primarily considers the allegations in the complaint, although matters of public record, orders, items appearing in the record of the case and exhibits attached to the complaint may also be taken into account." *Halstead v. Motorcycle Safety Found., Inc.*, 71 F. Supp. 2d 464, 467 (E.D. Pa. 1999) (citing *Chester Cnty. Intermediate Unit v. Penna. Blue Shield*, 896 F.2d 808, 812 (3rd Cir. 1990)).

IV. **ANALYSIS**

    A. **Eleventh Amendment Immunity**

The Eleventh Amendment of the Constitution allows states to "maintain certain attributes of sovereignty, including sovereign immunity." *Seminole Tribe v. Florida*, 517 U.S. 44, 54 (1996). The amendment expressly provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. Under the Eleventh Amendment, "an unconsenting state is immune from suit in federal court by citizens of that state or citizens of another state." *Id.*; *Port Auth. Trans–Hudson*

*Corp. v. Feeney*, 495 U.S. 299, 304 (1990); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984).

The Eleventh Amendment's immunity also applies to "state agents and state instrumentalities, 'as long as the state is the real party in interest.'" *Estate of Lagano v. Bergen Cnty. Prosecutor's Office*, 769 F.3d 850, 857 (3d Cir.2014) (quoting *Fitchik v. N.J. Transit Rail Operations*, 873 F.2d 655, 659 (3d Cir.1989)).  The Supreme Court has expressed that "when the action is in essence one for the recovery of money from the state, the state is the real, substantial party in interest and is entitled to invoke its sovereign immunity from suit even though individual officials are nominal defendants."  *Orden v. Borough of Woodstown*, 181 F. Supp. 3d 237, 245 (D.N.J. 2015) (quoting *Regents of the Univ. of Cal. v. Doe*, 519 U.S. 425, 429 (1997)).

"A state entity is properly characterized as an arm of the state and thus 'entitled to immunity from suit in a federal court under the eleventh amendment when a judgment against it 'would have essentially the same practical consequences as a judgment against the State itself.'" *Fitchik*, 873 F.2d at 659. (quoting *Lake Country Estates, Inc. v. Tahoe Regional Planning Agency*, 440 U.S. 391, 401 (1979)).  The Third Circuit adopted a three-part test to determine whether an entity is an arm of the state for Eleventh Amendment purposes.  *Bowers v. Nat'l Collegiate Athletic Ass'n*, 475 F.3d 524, 546 (3d Cir. 2007).  The elements of the test are: (1) whether the payment of the judgment would come from the state; (2) what status the entity has under state law; and (3) what degree of autonomy the entity has.  *Id.*  (citing *Fitchik*, 873 F.2d at 659).

Here, the Court agrees that Defendants are immune from suit.  Defendant VCC is an arm of the state because Plaintiff expressly requests payment from the VCC, so any damages Plaintiff may obtain would necessarily come from the state.  The VCC is part of the New Jersey Office of Attorney General, Department of Law and Public Safety through the Division of Criminal Justice.

*See Crisdon v. New Jersey Victim of Crime Comp. Off.*, Civ. No. 11-4980, 2012 WL 2916716, at *1 (D.N.J. July 17, 2012) (holding that Plaintiff's complaint against the Victims of Crimes Compensation must be dismissed because it is an arm of the State of New Jersey, and therefore immune from suit under the Eleventh Amendment.) In addition, the State of New Jersey falls squarely within the Eleventh Amendment's immunity protection. Moreover, where, as here, Plaintiff seeks trillions of dollars in damages against the state and an arm of it, when it has not consented to the suit, the state is unquestionably a party in this suit and is protected by the Eleventh Amendment's immunity. (Compl. at 7.) Therefore, Plaintiff's Complaint is barred under the Eleventh Amendment.

**B.   Statute of Limitations**

The Third Circuit has held that RICO claims have a four-year statute of limitations, which begins to run when the plaintiff "kn[ows] or should . . . know[] that he has been injured." *Dongelewicz v. PNC Bank Nat'l. Ass'n.*, 104 F. App'x 811, 815 (3d Cir. 2004) (citing *Mathews v. Kidder, Peabody Co.*, 260 F.3d 239, 247 (3d Cir.2001)). Moreover, "[a] section 1983 claim is characterized as a personal-injury claim and thus is governed by the applicable state's statute of limitations for personal-injury claims." *Dique v. N.J. State Police*, 603 F.3d 181, 185 (3d Cir. 2010). "In New Jersey . . . personal injury claims are governed by a two-year statute of limitations." *Est. of Lagano v. Bergen Cty. Prosecutor's Off.*, 769 F.3d 850, 859 (3d Cir. 2014) (citing N.J. Stat. Ann. § 2A:14–2).

Here, Plaintiff's claims arise from events that occurred between May through August of 1990—more than thirty years ago. (Compl. at 6.) It is clear to the Court that Plaintiff's claims are barred by the four-year and two-year statute of limitations for claims brought under RICO and Section 1983 respectively. Further, the Court finds Plaintiff's arguments unavailing. Plaintiff

7

asserts without support that in 2001 generated a file with the VCC to investigate his alleged claims. (Opp'n at 2.) However, a filed notice of a claim with a state entity is not a complaint in federal court. Moreover, even with the filed notice, the fact remains that Plaintiff did not file his Complaint with this Court until 2018—years after it were barred under the relevant statute of limitations. Therefore, Plaintiff's Complaint is dismissed because it is barred by the statute of limitations.

## V.  CONCLUSION

For the reasons stated above, the Court will GRANT the Motion to Dismiss. An appropriate Order will follow.

Date: **July 29, 2022**

s/ Zahid N. Quraishi
**ZAHID N. QURAISHI**
**UNITED STATES DISTRICT JUDGE**
